IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FREDERICK MACKENZIE HARRIS ) | |
| ) | |
| v. ) | No. 3:22-cv-00738 |
| ) | |
| CHARLES SUCH and JUNK BEE GONE ) | |

**To:** The Honorable Aleta A. Trauger, United States District Judge

### REPORT AND RECOMMENDATION

By Order entered November 7, 2022 (Docket Entry No. 5), this *pro se* employment discrimination case was referred to the Magistrate Judge for pretrial proceedings.

Pending before the Court is Defendants' motion to dismiss (Docket Entry No. 17), to which Plaintiff has responded in opposition. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and that this case be dismissed.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Frederick Mackenzie Harris ("Plaintiff") is a resident of Murfreesboro, Tennessee. On September 21, 2022, he filed this *pro se* lawsuit against Charles Such ("Such") and Junk Bee Gone. *See* Complaint (Docket Entry No. 1). Junk Bee Gone is a Murfreesboro business, and Such is alleged by Plaintiff to be the owner of the business. *Id*. at 2

Although Plaintiff attaches to his complaint several pages of screen shots of text messages that he sent or received, the complaint itself contains very few factual allegations and only a very cursory statement of his claims. Plaintiff asserts that the jurisdictional basis for his lawsuit is federal question jurisdiction based on "disability discrimination," *id*. at 3, and he sets out the following allegation as his entire statement of his claim: "There I was told I was a high risk to get COVID and

spread it to everybody because I'm a diabetic. I was told to get vaccinated but not two other workers that works there." *Id*. at 4. Plaintiff seeks no actual relief but merely states in the relief section of his complaint that "I became homeless, I lost my car, my credit drop 100 points." *Id*. at 5. In addition to the screen shots of text messages that are attached to the complaint, Plaintiff also attaches to his complaint a copy of an e-mail message to Plaintiff from the Equal Employment Opportunity Commission ("EEOC"), dated "Jun 21 [sic]," which informed him that the EEOC lacks statutory jurisdiction over a charge of discrimination filed by Plaintiff against Junk Bee Gone and which issued to Plaintiff a Dismissal and Notice of Right to Sue. *Id*. at 16.

In lieu of an answer, Defendants filed an early motion for dismissal (Docket Entry No. 12), seeking dismissal under Rules 12(b)(2), (5), and (6) of the Federal Rules of Civil Procedure. Defendants argue that: (1) Plaintiff failed to properly serve process upon them because he did not serve a copy of the signed complaint in conjunction with the summons that was served, which is a requirement of Rule 4(c)(1) of the Federal Rules of Civil Procedure; (2) because Plaintiff failed to file his complaint within 90 days of receipt of the notice of his right to sue from the EEOC, he did not comply with the timely filing requirement of 42 U.S.C. § 2000e-5(f)(1) for any federal claim of disability discrimination brought under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. ("ADA"); (3) Plaintiff fails to state a claim for relief under the ADA because he does not allege facts that satisfy a *prima facie* case of disability discrimination; and, (4) Plaintiff fails to actually set out a claim under any other legal provision. *See* Defendants' Memorandum in Support (Docket Entry No. 12-1).

Plaintiff's response to the motion to dismiss was twofold. First, he filed a motion to amend his complaint to add supporting documents (Docket Entry No. 14). This filing consists of (1) a brief narrative of factual allegations concerning his contention that he was told by Defendant Such that he

2

needed to "go get vaccinated as you are much more likely to get and spread [it] to us," *id.* at 1, and (2) more copies of screen shots of text messages that Plaintiff sent or received. Second, Plaintiff filed a response to the motion to dismiss in which he argues that Defendants were properly served, that he served Defendants with the "notarized documents" that he provided to the Clerk of Court, and that he sent Defendants' counsel an email with the full details of his claim. *See* Response (Docket Entry No. 15) at 1-2. Plaintiff also included in his response additional factual allegations concerning his assertion that he was told to get the COVID vaccine because he has diabetes. *Id*. at 2.

Defendants then filed the pending second motion to dismiss (Docket Entry No. 17), which addressed the new allegations made by Plaintiff in his amendment. By Order entered March 7, 2023 (Docket Entry No. 19), the Court granted Plaintiff's motion to amend to the extent that his filing and the attachments to the filing were construed as an addition to his original complaint. The Court denied Defendants' first motion to dismiss as moot in light of Plaintiff's amendment and Defendants' second motion to dismiss.

Defendants' second motion to dismiss makes essentially the same arguments for dismissal as were raised in their first motion to dismiss. Defendants contend that Plaintiff's amended complaint does not cure the deficiencies of his original complaint and that nothing raised by Plaintiff is his response rebuts their arguments for dismissal. Defendants further argue that any new factual allegations made by Plaintiff in his response should not be considered by the Court because factual allegations cannot be first made in a response to a motion to dismiss. *See* Memorandum in Support of Second Motion to Dismiss (Docket Entry No. 17-1).

Plaintiff again makes a twofold response to Defendants' second motion to dismiss. First, he has filed a motion to add supporting documents (Docket Entry No. 23). The "supporting documents" Plaintiff seeks to add consist of (1) a copy of a physician's order from 2005 reflecting a

3

diagnosis of diabetes and the need for daily testing, (2) copies of what appear to be internet websites for examples of disabilities and the statute of limitations for discrimination claims brought under state law, and, (3) copies of screen shots of text messages purportedly between Plaintiff and Such. *Id*. at 2-6. Defendants filed a response in opposition to Plaintiff's motion to add supporting documents. (Docket Entry No. 26.)[1]

Second, Plaintiff filed a response, which consists of: (1) numerous factual allegations about his claim, (2) an argument that "Tennessee gives you 365 days of when you are treated unfairly to sue in which will not be on September 21, 2021 or September 26, 2021 I'm still within time"; and, (3) an assertion that his diabetes constitutes a disability under the ADA. *See* Response to Second Motion to Dismiss (Docket Entry No. 24). Defendant replies to the response by arguing that the Court should disregard any factual allegations raised in Plaintiffs' response, that nothing set out by Plaintiff in his response rebuts Defendants' arguments for dismissal of the ADA claim and their argument that they were not properly served with process, and that Plaintiff's reference to the statute of limitations for a claim brought under Tennessee law is not sufficient to raise a state law disability discrimination claim under the Tennessee Human Rights Act, T.C.A. §§ 4-21-101 *et seq*. ("THRA"), and that, even if such a claim was properly before the Court, the claim is both untimely and unsupported by Plaintiff's minimal allegations. *See* Reply (Docket Entry No. 27).

Entry of a scheduling order has been reserved by the Court until resolution of the pending motion to dismiss.

---

[1] Because the Court intends to resolve Defendants' Rule 12(b)(6) motion dismiss based only upon the pleadings and the attachments thereto and is not converting Defendants' motion to a Rule 56 motion, Plaintiff's motion to add supporting documents for consideration as part of his response to the pending motion to dismiss should be denied.

4

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss is reviewed under the standard that the Court must accept as true all of the well pleaded allegations contained in the complaint, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Plaintiff's factual allegations must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007). The complaint must contain either direct or inferential factual allegations that are sufficient to sustain a recovery under some viable legal theory. *Id.*; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## III. ANALYSIS

After review of the parties' filings and the record in this case, the Court finds that this lawsuit should be dismissed. Initially, the Court notes that Plaintiff's federal question claim of disability discrimination under the ADA is the only claim that is actually raised in his complaint. However, that claim was not timely brought by Plaintiff. A plaintiff seeking relief under the ADA must file suit within ninety days of receiving a right-to-sue letter from the EEOC. *McGhee v. Disney Store*, 53 F. App'x 751, 752 (6th Cir. 2002). Although compliance with this statutory time limit is not a jurisdictional matter, the time limit is strictly enforced. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000).

5

Although Plaintiff does not mention in his compliant either his filing of a charge of discrimination or his receipt of a right-to-sue letter, the attachments to his complaint indicate that he received an e-mailed notice and right-to-sue letter on June 21, 2022. *See* Complaint at 16. Accordingly, the 90-day time period for Plaintiff to file his lawsuit and pursue his ADA claim ended on September 19, 2022. Plaintiff's lawsuit was not filed until two days later on September 21, 2022, and, consequently, is untimely on its face.[2] A lawsuit is subject to dismissal as untimely filed even if it is filed only a few days late. *See Graham-Humphreys*, 209 F.3d at 561; *Peete v. Am. Standard Graphic*, 885 F.2d 331 (6th Cir. 1989); *Adams v. Noble*, 137 F. Supp. 2d 1054, 1058 (S.D. Ohio 2001). Plaintiff's *pro se* status does not excuse him from having to comply with the 90-day filing requirement. *McGhee*, *supra*; *Williams v. Sears, Roebuck & Co.*, 143 F. Supp. 2d 941, 945 (W.D. Tenn. 2001). Plaintiff has not responded to Defendants' untimeliness argument and has not provided any basis upon which the Court should reject this sound argument for dismissal of the ADA claim. Accordingly, the Court finds that Plaintiff's ADA lawsuit was not timely filed and must be dismissed.

While Defendants' argument that they were not properly served with process in this case is not without merit, the Court declines to address this defense given the conclusiveness of the untimeliness defense raised by Defendants and the fact that the technical deficiency in service of process by the *pro se* Plaintiff could be readily cured. The Court likewise declines to address Defendants' other argument for dismissal of the ADA claim given the conclusiveness of the untimeliness defense.

---

[2] When a complaint affirmatively shows on its face that a claim is time-barred, dismissing the claim under Rule 12(b)(6) for failure to state a claim is appropriate. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

Finally, the Court finds that Plaintiff has not actually raised any legal claims other than the federal ADA claim that is specifically set out in his complaint. Although Plaintiff, in his response in opposition to the motion to dismiss, refers to the statute of limitations for a discrimination claim brought under state law, and although Defendants raise an argument for dismissal of a different possible claim under state law, at no point in his complaint does Plaintiff actually raise, or even refer to, a state law claim, Similarly, nothing in Plaintiff's amended complaint sets out a claim under state law.

While the Court acknowledges that a certain measure of liberal construction is generally applied in the interpretation of a *pro se* litigant's filings, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), this liberal construction has limits. To find that Plaintiff has raised additional claims would require the Court to essentially rewrite Plaintiff's complaint to create claims that Plaintiff did not raise. The Court is not required to create claims that are not alleged, because to do so would require the courts to explore exhaustively all potential claims of a *pro se* plaintiff and would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Bell v. Tennessee*, 2012 WL 996560, at *9 (E.D. Tenn. March 22, 2012) (quoting *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (explaining the role of courts is not "to ferret out the strongest cause of action on behalf of *pro se* litigants" or to "advis[e] litigants as to what legal theories they should pursue"). Further, a plaintiff may not amend his pleadings by adding factual allegations or claims as a part of a response in opposition to a motion to dismiss. *See Orea Energy Group, LLC v. East Tennessee Consultants, Inc.*, 2009 WL 3246853, at *3 (E.D. Tenn. Oct. 6, 2009) ("[T]hese allegations are nowhere to be found in the complaint. They are present only in plaintiff's briefing, and it is a basic principle that

the complaint may not be amended by the briefs in opposition to a motion to dismiss."). *See also Johnson v. Metro Gov't of Nashville & Davidson Cnty.*, 502 F. App'x 523, 542 (6th Cir. 2012) (in ruling on a motion to dismiss, "[t]he court may not ... take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)").

## RECOMMENDATION

For the reasons set out above, it is respectfully RECOMMENDED that:

1) Plaintiff's motion to add supporting documents (Docket Entry No. 23) be DENIED; and,

2) the motion to dismiss (Docket Entry No. 17) filed by Defendants Charles Such and Junk Be Gone be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

8